IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUN 29  P 4: 32

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| ANITA TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv- 609 - ID |
| | ) | |
| NANCY WORLEY, in her individual | ) | |
| capacity and BETH CHAPMAN in | ) | |
| her Official Capacity as Alabama | ) | |
| Secretary of State and in her | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**Nancy Worley** and **Beth Chapman** ("Defendants"), pursuant to 28 U.S.C. §§ 1331,

1441 and 1446, et seq., hereby give notice of the removal of this action from the Circuit

Court of Montgomery County, Alabama, where it is now pending to the United States

District Court for the Middle District of Alabama, Northern Division.  As grounds for this

removal, Defendants show unto the Court as follows:

## I. STATE COURT ACTION

1.      This action was commenced on May 30, 2007 by the filing of a Complaint in

the Circuit Court of Montgomery County, Alabama.  True and correct copies of all the

pleadings, papers, process and orders filed in said action are attached hereto as Exhibit

"A" and are incorporated herein.  Defendants were served with the Summons and

Complaint on June 1, 2007 (Beth Chapman) and June 4, 2007 (Nancy Worley).

## II. FEDERAL QUESTION JURISDICTION

2.    This action is properly removable pursuant to 28 U.S.C. § 1331 because the Plaintiff seeks to assert a claim arising under the Constitution, laws or treaties of the United States and, therefore, may be removed pursuant to 28 U.S.C. § 1441 which provides, in pertinent part, as follows:

    (a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States from the district and division embracing the place where such action is pending.   For purposes of removal under this chapter, the citizenship of defendant's sued under fictitious name shall be disregarded;

    (b)    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

3.    In Counts III and VIII, Plaintiff specifically makes allegations regarding alleged violations of her "constitutionally protected interest in continued employment" and claiming that her alleged discharge triggers the "protections of the due process clause." See Comp. at ¶¶ 46, 56. Plaintiff seeks, in her prayer for relief, a declaration that "[D]efendant Worley violated Plaintiff Tatum's constitutionally protected interest in continued employment without due process of law." See Plaintiff's ad damnum clause.

## III. PROCEDURAL REQUIREMENTS PURSUANT TO 28 U.S.C. § 1446(d)

4.    A copy of this Notice of Removal is being filed with the Clerk of the Circuit

Court of Montgomery County, Alabama, and is being served on counsel for Plaintiff. This removal is timely as it is being filed within thirty (30) days of the Complaint being served on both Defendants.

WHEREFORE, the premises considered, the Defendants pray that this Court will accept this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will enter the proper orders to achieve the removal of this cause from the Circuit Court of Montgomery County, Alabama, and that this Court will enter such other orders as may be appropriate to effectuate the preparation of filing a true record in this case of all proceedings that  have been held in Circuit Court.

Respectfully submitted,

John M. Bolton, III
Bar Number: ASB-0999-N68J
Patrick L. W. Sefton
Bar Number:  ASB-8341-N47P
Charlanna W. Spencer
Bar Number:  ASB-6860-R62C
Attorneys for Defendants
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email: jbolton@sasserlawfirm.com
        psefton@sasserlawfirm.com
        cspencer@sasserlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been filed with the United States District Court for the Middle District of Alabama, Northern Division by hand delivery and served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 29th day of June 2007:

Norbert H. Williams, Esq.
Alabama State Employees Association
110 N. Jackson Street
Montgomery, AL 36104

Patrick L. W. Sefton
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email: psefton@sasserlawfirm.com
Bar Number: ASB-8341-N47P

EXHIBIT "A"

CV-07-879

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | COVER SHEET<br>CIRCUIT COURT – CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C V ☐ ☐ ☐ ☐ ☐ ☐ ☐ - ☐ ☐ <br>Date of Filing:    Judge Code:<br>0 5  3 0  2 0 0 7<br>Month   Day   Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ Montgomery _____, ALABAMA
*(Name of County)*

_____ Anita Tatum _____ v. _____ Nancy Worley, et al. _____

| Plaintiff | | Defendant | |
|---|---|---|---|
| **First Plaintiff** | ☐ Business  ☑ Individual<br>☐ Government  ☐ Other | **First Defendant** | ☐ Business  ☑ Individual<br>☑ Government  ☐ Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>   Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>   Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*  F ☐ INITIAL FILING   A ☐ APPEAL FROM   O ☑ OTHER:
                                             DISTRICT COURT        St. Per. Bd. declined jurisdiction
                        R ☐ REMANDED   T ☐ TRANSFERRED FROM
                                             OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

| ATTORNEY CODE:<br>W I L 1 7 6 | May 30, 2007<br>Date | *[signature]*<br>Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☑ YES ☐ NO ☐ UNDECIDED

MAY 2007<br>FILED<br>Melissa Rittenour<br>Circuit Clerk

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07- 879 |
|---|---|---|

IN THE _____ Circuit _____ COURT OF _____ Montogmery _____ COUNTY

Plaintiff _____ Anita Tatum _____ v. Defendant Nancy Worley and Beth Chapman

DI

NOTICE TO _____ Ms. Nancy Worley, 8352 Brittany Place, Montgomery, AL 36117 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Norhert H. Williams _____ WHOSE
ADDRESS IS _____ Alabama State Employees Association, 110 N. Jackson Street, Montgomery, AL 36104 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _____ Plaintiff _____
pursuant to the Alabama Rules of Civil Procedure.

Date _____ 05/34/07 _____          _Melissa Pittenour_          By: _____ 293031
                                     Clerk/Register

[✓] Certified Mail is hereby requested.          _signature_

                                     Plaintiff's/Attorney's Signature

                                     MAY 2007
                                     FILED
                                     Melissa Rittenour
                                     Circuit Clerk

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____ .
                                                                      (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____ .
                (Date)

_____          _____
Date                             Server's Signature

_____          _____
Type of Process Server           Address of Server

article # 7099 3220 0002 9929 7644   _____
                                     Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | **Case Number**<br><br>CV-07- 879 |
|---|---|---|

IN THE _____ Circuit _____ **COURT OF** _____ Montgomery _____ **COUNTY**

**Plaintiff** _____ Anita Tatum _____ **v. Defendant** Nancy Worley and Beth Chapman

D2

**NOTICE TO** ___ The Honorable Beth Chapman, Alabama Secretary of State's Office, Alabama State ___
_____ Capitol, Suite S-105, Montgomery, AL 36103 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Norbert H. Williams _____ WHOSE ADDRESS IS ___ Alabama State Employees Association, 110 North Jackson Street, Montgomery, AL 36104 ___

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _____ Plaintiff _____ pursuant to the Alabama Rules of Civil Procedure.

Date ___ 05/31/07 ___    _Melissa Rittenour_ By: _____
                          Clerk/Register

[✓] Certified Mail is hereby requested.    _Norbert H. Williams_
                                            Plaintiff's/Attorney's Signature

MAY 2007
FILED
Melissa Rittenour
Circuit Clerk

**RETURN ON SERVICE:**

[ ] Return receipt of certified mail received in this office on _____ .
                                                                      (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____ .
            (Date)

Date _____                Server's Signature _____

Type of Process Server _____   Address of Server _____

certified 7099 3220 0002 9929 7637

Phone Number of Server _____

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

ANITA TATUM,                                    )
                                                )
        Plaintiff,                              )
                                                )
vs.                                             )    CIVIL ACTION No. CV-07- 879
                                                )
NANCY WORLEY, in her Individual                 )
Capacity and BETH CHAPMAN in                    )
her Official Capacity as Alabama                )
Secretary of State and in her                   )
Individual Capacity,                            )
                                                )
        Defendants.                             )



### COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, Anita Tatum (hereinafter, Plaintiff Tatum), with

this complaint against former Secretary of State, Nancy Worley (in her individual

capacity) , and the current Secretary of State, Beth Chapman (in her official

capacity and individual capacity), stating that the following causes of action are

based upon the Defendants' deprivation of Tatum's property interest in continued

employment in her merit system position as Supervisor of Voter Registration as

provided for in ALA. CODE §17-4-35 (1975) as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Anita Tatum, invokes the jurisdiction of the Montgomery

County Circuit Court on the authority of Fields v. State, 534 So. 2d 615, 616

(Ala. Civ. 1993), which held that where a statute "provides no right of appeal or

statutory certiorari, the common law writ of certiorari is the only available means

of review" and original jurisdiction is proper in the circuit court. Plaintiff also seeks equitable relief, the costs of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by Plaintiff due to the Defendants' actions against Plaintiff in her employment.

2. Plaintiff has pursued and exhausted her administrative remedies. In particular, Plaintiff Tatum filed an appeal on October 29, 2004 with the Alabama State Personnel Board within ten (10) days of Defendant Worley's actions which form the basis of this complaint. After initially accepting jurisdiction of this matter, the Alabama State Personnel Board dismissed this Plaintiff Tatum's appeal on April 18, 2007 after declining to extend jurisdiction. A copy of said Order is attached hereto as Exhibit A.

## PARTIES

3. Plaintiff **Anita Tatum**, (hereinafter "Plaintiff Tatum"), is an adult citizen over the age of nineteen years residing in Montgomery, Alabama. At all times material hereto, Plaintiff Tatum was employed as Supervisor of Voter Registration with the Alabama Secretary of State's Office in Montgomery, Alabama.

4. Defendant **Nancy Worley** (hereinafter, "Defendant Worley") was the duly elected Alabama Secretary of State from January 2003 to January 2007.

5. Defendant **Beth Chapman** (hereinafter, "Defendant Chapman") is Alabama's current Secretary of State with more than 1,000 different duties and virtually all of them involve processing and filing documents that are public

records and whose duties are enumerated in ALA. CODE §36-14-1 et seq.

## STATEMENT OF FACTS

6.  On July 1, 2003, Plaintiff Tatum became an employee of the Secretary of State's Office following passage of State legislation which abolished the Office of Voter Registration as a separate agency and transferred duties of the former Office of Voter Registration to the Secretary of State's Office.

7.  The enactment of that legislation also transferred Plaintiff Tatum's former position as Director of Voter Registration from the former Office of Voter Registration, re-titled her position to Supervisor of Voter Registration, and placed her position under the supervision of the Secretary of State.

8.  The transfer occurred approximately seven (7) months after Defendant Worley assumed office as Alabama's fiftieth Secretary of State.

9.  The transfer followed coordinated lobbying efforts by the Secretary of State's Office to bring about said change.

10. Defendant Worley took a position that a merger of the two offices was required under the federally mandated Help America Vote Act or HAVA which Defendant Worley interpreted as requiring each state to create, develop and maintain a statewide, uniform and centralized voter registration system housed with the state's Chief Election Official.

11. On the other hand, Plaintiff Tatum took a counter position that the federal HAVA did not require merging the two offices.  Accordingly, Plaintiff Tatum lobbied against the state version of HAVA including its provisions to

abolish the Office of Voter Registration and transfer its functions to the Secretary of State's Office.

12. Following passage of the State of Alabama's version of HAVA, around July 2003, Plaintiff Tatum and her staff were transferred to the Secretary of State's Office.

13. Upon transferring to the Secretary of State's Office, Plaintiff Tatum became Supervisor of Voter Registration and was assigned to the Secretary of State's Elections Division and placed under Vicki Balogh's direct supervision.

14. Other personnel from the former Office of Voter Registration were assigned to other areas of the Secretary of State's Office.

15. Although Plaintiff Tatum's statutory duties as former Director of Voter Registration were essentially the same as her duties as Supervisor of Voter Registration within the Secretary of State's Office following her transfer to the Secretary of State's Office, Defendant Worley significantly diminished Plaintiff Tatum's authority and job responsibilities in the area of voter registration.

16. This diminished status included that Plaintiff Tatum no longer supervised anyone – including those individuals who had formerly assisted Plaintiff Tatum in managing the voter registration system within the former Office of Voter Registration.

17. Plaintiff Tatum also lacked actual authority to perform many of the statutory duties set forth in the Alabama Code for Supervisor of Voter Registration.   This included a lack of authority to manage or oversee the

statewide voter registration system which is referred to as the Alabama Voter Information Network (ALVIN) System.

18. Instead, Defendant Worley transferred ALVIN responsibility to the Information Technology Department; a division of the Secretary of State's Office which was located across the street and within another building from offices housing the Elections Division.

19. In addition, during Plaintiff Tatum's tenure with the Secretary of State's Office, Defendant Worley engaged in a series of harassing acts directed toward Plaintiff Tatum which Defendant Worley committed with impunity.

20. These acts included: (1) holding Plaintiff Tatum up to ridicule before her professional peers by accusing her of trading sexual favors with legislators to influence them to vote against the State of Alabama's version of the HAVA Act which placed Plaintiff Tatum's former office under the supervision of the Secretary of State's Office, (2) significantly diminishing Plaintiff Tatum's authority and job responsibilities in the area of voter registration following the merger of the former Office of Voter Registration with the Secretary of State's Office, (3) attempting to lay-off Plaintiff Tatum by use of illegal tactics two months following Plaintiff Tatum's transfer to the Secretary of State's Office, (4) advising other employees to refrain from assisting Plaintiff Tatum in completing her day's work notwithstanding an office policy in which Defendant Worley encouraged all other employees to assist each other, (5) ignoring the office policy of imposing positive discipline and instead issuing to Plaintiff Tatum a series of absurd and ridiculous

reprimands for invented or imagined infractions such as receiving assistance from a co-worker in processing voter registration cards, and failing to answer an office telephone which never rang, and (6) failing or refusing to advise Plaintiff Tatum of Defendant Worley's expectations for Plaintiff Tatum's performance.

21. On Tuesday, October 19, 2004, at around 3:30 p.m. Defendant Worley summoned Plaintiff Tatum to Defendant Worley's office, and in a threatening, hostile, and demeaning manner ordered that Plaintiff Tatum provide an explanation for a disparity between the number of registered voters reflected by the Secretary of State's Internet Website versus numbers reflected by Alabama's statewide voter registration system called the Alabama Voter Information Network (ALVIN) System.

22. Although other employees with the Secretary of State's Office were present and were attempting to determine an explanation for the disparity between the numbers including Tracy Cleckler, Trey Granger, Judy Wagnon, Defendant Worley demanded that Plaintiff Tatum provide an explanation by 5:00 p.m., thereby giving Plaintiff one hour and thirty minutes to determine an answer which eventually took two and a half weeks to determine.

23. Defendant Worley denied Tatum's request to corroborate with Tracy Cleckler, the Secretary of State's computer technician who had actual responsibility for maintaining the ALVIN system. Before leaving the meeting, Plaintiff Tatum had requested of Defendant Worley to corroborate with Cleckler to determine if Cleckler had run the numbers correctly.

24. Defendant Worley sent Plaintiff Tatum away from the meeting without the benefit of having a worksheet identifying the specific counties which contained the alleged questionable numbers.

25. Plaintiff Tatum, a non-computer professional, lacked technical expertise to resolve the problem.

26. Following several unsuccessful attempts to identify any alleged errors, Plaintiff Tatum concluded that she would be unable to comply with Defendant Worley's requests by Defendant Worley's 5:00 p.m. deadline.

27. Accordingly, Plaintiff Tatum drafted a memorandum to Defendant Worley stating that she was committed to identifying the alleged discrepancy in voter registration numbers; however, Plaintiff Tatum stated that she would need additional time (i.e. more than 90 minutes) in which to complete the assignment.

28. At around 5:00 p.m., Plaintiff Tatum returned to Defendant Worley's office and presented Defendant Worley with the memorandum wherein she requested additional time in which to complete the assignment.

29. Defendant Worley responded to Plaintiff Tatum's request by addressing Plaintiff Tatum in a hostile and demeaning tone. Defendant Worley then declined to give Plaintiff Tatum more time in which to complete the assignment. Defendant Worley advised Plaintiff Tatum that because Plaintiff Tatum was the Supervisor of Voter Registration, she should have been aware that there was a problem with the numbers. Further, Defendant Worley stated that a reporter was outside of her office making inquiries about the matter.

Further, Defendant Worley stated, inasmuch as Plaintiff Tatum was unaware of the alleged problem, Plaintiff Tatum could either resign or she would be fired.

30. Defendant Worley did not advise Plaintiff Tatum that if she were dismissed she could contest the underlying charges through an appeal to the Alabama State Personnel Board ("the Board"); nor was she given any information concerning her appeal rights in the event of her termination from employment.

31. Thereafter, during this same work day, Defendant Worley, with the assistance of her own legal counsel, presented Plaintiff Tatum with a prepared typewritten letter of resignation for Plaintiff Tatum's signature and demanded that Plaintiff Tatum make an immediate decision.

32. Shocked by Defendant Worley's ultimatum, Plaintiff Tatum panicked. Plaintiff Tatum then pleaded with Worley that she be allowed time to weigh her options and time in which to consult with her legal counsel about her legal rights.

33. Defendant Worley refused to give Tatum time to consider the matter or to consult with legal counsel.

34. Defendant Worley instead summoned Linda Nelson, Defendant Worley's personnel director who gave Plaintiff Tatum tentative, incomplete, and inaccurate advice concerning her two options.

35. Fearing that a termination would cause a forfeiture of her retirement pension with the State of Alabama and being deprived of an opportunity to weigh termination versus resignation, Plaintiff Tatum believed she had no meaningful choice other than to involuntarily resign her position as Supervisor of Voter

Registration by signing the letter of resignation that Defendant Worley and Defendant Worley's legal counsel presented to her for signature.

36. Because Plaintiff Tatum's signature on the letter of resignation was obtained by time pressures imposed by Defendant Worley, Plaintiff Tatum was deprived of an opportunity to obtain information concerning her retirement and concerning her right to due process.

37. On the same day of signing Defendant Worley's prepared letter of resignation, Plaintiff Tatum consulted with legal counsel about the events of that day, October 19, 2004. Following her consultation with legal counsel, within approximately thirty minutes of signing Defendant Worley's prepared letter of resignation Plaintiff Tatum contacted Defendant Worley and attempted, to no avail, to withdraw her resignation.

38. Notwithstanding the lawful requirements of ALA. CODE §17-4-35 (1975) filling the position of Supervisor of Voter Registration with a merit employee, following Tatum's involuntary resignation, Defendant Worley filled the position of supervisor of Voter Registration with a political appointee.

39. On October 29, 2004, Tatum gave notice of appeal to the Alabama State Personnel Board.

40. After accepting jurisdiction over the matter, and following an appeal hearing over the course of three days (November 14-16, 2005), on April 18, 2007, the State Personnel Board dismissed Tatum's appeal after finding that it lacked jurisdiction to hear her appeal.

### COUNT ONE

41. Plaintiff Tatum re-alleges paragraphs 1–40 as if set out here in full.

42. Defendant Worley's demand that Plaintiff Tatum resign from her position as Supervisor of Voter Registration or be terminated over a matter for which Tatum was not responsible violated ALA. CODE §36-26-9 (1975) and ALA. ADMIN. CODE R. 670-X-4-.01.

### COUNT TWO

43. Plaintiff/Petitioner Tatum re-alleges paragraphs 1–42 as if set out here in full.

44. Tatum's resignation was involuntary.

### COUNT THREE

45. Plaintiff/Petitioner Tatum re-alleges paragraphs 1–44 as if set out here in full.

46. Defendant Worley's act demanding that Tatum surrender her property interest in her merit position by resignation without affording Tatum an opportunity to make an informed and intelligent decision violated Tatum's constitutionally protected interest in continued employment without due process of law (e.g., due process requires that state employees dismissed from their employment be provided a written notice of the specific grounds for the dismissal; disclosure of the evidence supporting the dismissal; the opportunity to confront and cross-examine available adverse witnesses; the opportunity to be heard in person and present evidence; the opportunity to be represented by

Complaint: <u>Tatum v. Worley, et al.</u>

counsel; a fair-minded and impartial decision maker; and a written statement by fact-finders as to the evidence relied upon and the reasons for the determination made).

## COUNT FOUR

47. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-46 as if set out here in full.

48. Defendant's demand that Plaintiff Tatum make an immediate decision about how she would conclude her twenty-one (21) years of State employment without the benefit of having information concerning the ramifications of her decision was tantamount to a constructive termination.

## COUNT FIVE

49. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-48 as if set out here in full.

50. Defendant's demand that Plaintiff Tatum make an immediate decision about how she would conclude twenty-one (21) years of State employment without the benefit of having information concerning the ramifications of her decision was tantamount to a constructive termination.

## COUNT SIX

51. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-50 as if set out here in full.

52. Defendant's demand that Plaintiff Tatum make an immediate decision about how she would conclude her twenty-one (21) years of State employment

Complaint: Tatum v. Worley, et al.

without the benefit of having information concerning the ramifications of her decision rendered her resignation involuntary.

## COUNT SEVEN

53. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-52 as if set out here in full.

54. The Defendant's action of demanding that Tatum resign or be fired violated her property interest in continued employment with the State of Alabama because she was covered by the provisions of the Alabama Merit System Act found in ALA. CODE §36-26-1 et seq. which protected her from arbitrary dismissal.

## COUNT EIGHT

55. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-54 as if set out here in full.

56. Tatum's resignation was so involuntary that it amounted to a constructive discharge, and as such, it was a deprivation by the Secretary of State triggering the protections of the due process clause.

## COUNT NINE

57. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-56 as if set out here in full.

58. The Defendant Secretary of State obtained Tatum's resignation by coercion or duress.

## COUNT TEN

59. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-58 as if set out here

in full.

60. The Defendant Secretary of State obtained Plaintiff Tatum's resignation by misrepresentation.

## COUNT ELEVEN

61. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-60 as if set out here in full.

62. Defendant Worley intentionally inflicted emotional distress upon Plaintiff Tatum as described above and Plaintiff Tatum continues to suffer physical, mental and emotional pain and distress.

## PRAYER FOR RELIEF

**WHEREFORE** the premises considered, Plaintiff Tatum seeks the following relief:

(a) A Common Law Writ of Certiorari to review the Defendants' <u>unlawful</u> removal of Plaintiff Tatum from her position as Supervisor of Voter Registration.

(b) Declare that Plaintiff Tatum's resignation was involuntary.

(c) Declare that Defendant Worley violated Plaintiff Tatum's constitutionally protected interest in continued employment without due process of law.

(d) Declare that Defendants constructively terminated Tatum's employment.

(e) Declare that Defendants arbitrarily dismissed Tatum from

employment.

(f) Declare that the Defendant Secretary of State obtained Tatum's resignation by coercion or duress.

(g) Declare that the Defendant Secretary of State obtained Tatum's resignation by misrepresentation.

(h) Order Plaintiff's reinstatement to her position as Supervisor or Voter Registration with back-pay and benefits.

(i) Award damages for a resulting deprivation of her property interest in continued employment.

(j) Award compensatory and punitive damages resulting from Defendant Worley's intentional infliction of emotional distress.

(k) Such other further, different or additional relief as this Honorable Court may deem just and proper, including, but not limited to, an award of attorney's fees to Plaintiff Tatum's counsel.

(l) Plaintiff requests a trial by jury on all claims.

Respectfully submitted this the 30th day of May 2007.

Norbert H. Williams (WIL176)
Attorney for the Plaintiff

ADDRESS OF COUNSEL:

Alabama State Employees Association
110 N. Jackson Street
Montgomery, Alabama 36104
Telephone:     (334) 834-6965
Facsimile:     (334) 832-1074

Page 14 of 15          Complaint: Tatum v. Worley, et al.

# VERIFICATION

**STATE OF ALABAMA**
**MONTGOMERY COUNTY**

I, the undersigned, **ANITA TATUM**, being first duly sworn, depose and say:

I am a resident citizen of Montgomery County, in the State of Alabama. I am a Plaintiff named as such in the foregoing Complaint. I have read over the Complaint and the facts stated therein on my personal knowledge are true and correct and the remaining facts therein are alleged on information and belief, with the assistance of my counsel who at my request has conducted an investigation, and are true and correct according to the best of my information, knowledge and belief.


_____
Anita Tatum


Sworn to and subscribed before me
on this _____ day of May 2007.


_____
Notary Public
My commission expires:

**BEFORE THE PERSONNEL BOARD OF THE STATE OF ALABAMA**

**IN THE MATTER OF**

**ANITA TATUM**

**APRIL 18, 2007**

This matter came before the Board upon the authority of *Ala. Admin. Code* § 670-X-4-.03. The Employee resigned her position with the Secretary of State's Office and thereafter filed this Appeal. This matter was assigned to Julia J. Weller as Administrative Law Judge who recommended the extension of jurisdiction of a non-merit factor to include actions based upon "facts which prove to be false or inaccurate."

The Board finds that there was a resignation and the Board declines to extend jurisdiction under *Ala. Admin. Code* § 670-X-4-.03 to include as a non-merit factor "facts which prove to be false or inaccurate."

The Motion to Disqualify and the Motion to Strike are hereby DISMISSED as MOOT.

It is therefore the Order of this Board that this APPEAL is DISMISSED WITH PREJUDICE.

JACKIE GRAHAM
SECRETARY

JOE N. DICKSON
CHAIRMAN

JOHN MCMILLAN
MEMBER

JOYCE P. O'NEAL
MEMBER

PLAINTIFF'S
EXHIBIT
A

ELLEN G. MCNAIR
MEMBER

JAMES H. ANDERSON
MEMBER

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery<br>JUN 0 1 2007 |
| 1. Article Addressed to:<br><br>**Honorable Beth chapman**<br>**Alabama Secretary of State's Office**<br>**Alabama State Capital, Ste S-105**<br>**Montgomery, AL 36103** | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>S & C  D2<br>CV-07-879 |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) 7099 3220 0002 4929 7637 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |



**AlaFile E-Notice**

03-CV-2007-000879.00

Judge: HON. JOHNNY HARDWICK

To:  WILLIAMS NORBERT HERSHEL
11 SO. UNION STREET
A.G.'S OFFICE
MONTGOMERY, AL 36130

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ANITA TATUM VS NANCY WORLEY & BETH CHAPMAN
### 03-CV-2007-000879.00

The following matter was served on 6/1/2007

**D002 CHAPMAN BETH, SEC OF STATE**

**CERTIFIED MAIL**

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



## ALABAMA STATE EMPLOYEES ASSOCIATION
*Promoting and protecting the interests of state employees*

**Executive Director**
Mac McArthur

**Officers**
**President**
Randy V. Hebson

**Vice-President**
Ulysses Lavender, Jr.

**Treasurer**
Steve Walkley

**Secretary**
Dianna McLain

**Board Members**
**District 1**
Rosemary Lang
James P. Lunceford
Wanda Peppers

**District 2**
Troy Lewis
JoAnne Brown

**District 3**
Louise Liveoak
Jimmy Patrick

**District 4**
Rusty Miller

**District 5**
Mary Bowens

**District 6**
Diane Williams

**District 7**
Larry Sanders

**District 8**
James Brewer
Patricia Lee

**District 9**
Cherryl Criswell
Deborah Holifield
Donna Mulcahy
Vernetta Patrick
Tom Samford
Alice Thornton

**Insurance Board**
Paige Hebson
Robert Wagstaff

110 N. Jackson Street ☆ Montgomery, Alabama 36104 ☎ 334-834-6965/1-800-252-7063 Fax 334-834-4904
WEBSITE: WWW.ASEA.ORG

### Legal Division

June 27, 2007

Mrs. Melissa Rittenour, Circuit Clerk
Montgomery County District Court
P. O. Box 1667
Montgomery, AL 36102-1667

2007 JUN 27 PM 1:41
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

    Re: CV-07-879

Dear Mrs. Rittenour:

Enclosed herewith please find the original and one copy of the signed verification to the civil complaint and demand for jury trial filed in the above-captioned matter on May 30, 2007.  I request that you substitute the verification sheet for page fifteen (15) of the complaint.

Please file the original and return a date-stamped copy to the deliverer of this letter.

Thank you for your time and assistance.

Sincerely,

Norbert H. Williams
Attorney for Anita Tatum

Enclosures

cc:  Hon. Nancy Worley
     Hon. Beth Chapman
     Hon. Anita Tatum

## VERIFICATION

STATE OF ALABAMA
MONTGOMERY COUNTY

I, the undersigned, **ANITA TATUM**, being first duly sworn, depose and say:

I am a resident citizen of Montgomery County, in the State of Alabama. I am a Plaintiff named as such in the foregoing Complaint. I have read over the Complaint and the facts stated therein on my personal knowledge are true and correct and the remaining facts therein are alleged on information and belief, with the assistance of my counsel who at my request has conducted an investigation, and are true and correct according to the best of my information, knowledge and belief.

Anita Tatum

Sworn to and subscribed before me
on this ___1___ day of ~~May~~ 2007.
                        June

Notary Public
My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 24, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2007 JUN 27 PM 1:41

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

Page 15 of 15          Complaint: Tatum v. Worley, et al.