IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JUN 29 P 4: 32
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANITA TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:07-cv-609-ID |
| | ) |
| NANCY WORLEY, in her individual | ) |
| capacity and BETH CHAPMAN in | ) |
| her Official Capacity as Alabama | ) |
| Secretary of State and in her | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

## ANSWER

**Nancy Worley** and **Beth Chapman** (the "Defendants") file this Answer to the Plaintiff's Complaint as follows[1]:

### JURISDICTION AND VENUE

1. Defendants deny the material allegations of paragraph 1 and demand strict proof thereof.

2. Defendants admit that the Alabama State Personnel Board dismissed the Plaintiff's appeal on April 18, 2007 and states that the Order entered by the Personnel Board speaks for itself. Defendants deny the remaining material allegations of paragraph 2 of the Plaintiff's Complaint and demand strict proof thereof.

---

[1] Defendants deny the characterizations and material allegations contained within Plaintiff's introductory statement prior to ¶1 of the Complaint and state that the Plaintiff voluntarily resigned her employment and is entitled to no relief in this case.

## PARTIES

3. Defendants admit that Plaintiff is an adult citizen residing in Montgomery, Alabama and that she was employed in the Secretary of State's Office as Supervisor of Voter Registration until she voluntarily resigned her employment on October 19, 2004. Defendants deny the remaining material allegations of paragraph 3 and demand strict proof thereof.

4. Defendants admit the material allegations in paragraph 4.

5. Defendants admit that Beth Chapman is Alabama's current Secretary of State and that her duties are enumerated, at least in part, in Ala. Code § 36-14-1 et. seq. As phrased, Defendants deny the remaining material allegations in paragraph 5 and demand strict proof thereof.

## STATEMENT OF FACTS

6. Defendants admit that Plaintiff Tatum became an employee of the Secretary of State's Office in 2003 following passage of the referenced legislation but denies Plaintiff's characterizations of the legislation.

7. Defendants state that the referenced legislation speaks for itself and denies Plaintiff's characterizations of the legislation.

8. Defendants admit the material allegations in paragraph 8.

9. Defendants deny the material allegations in paragraph 9 and demand strict proof thereof.

10. As phrased, Defendants deny the material allegations in paragraph 10.

11. Defendants admit that Tatum lobbied against the referenced legislation. As

phrased, Defendants deny the remaining material allegations in paragraph 11.

12. Defendants admit that Tatum was transferred to the Secretary of State's Office but has insufficient information upon which to either admit or deny the remaining material allegations in paragraph 12.

13. Defendants admit that Tatum was transferred to the Secretary of State's Office but has insufficient information upon which to either admit or deny the remaining material allegations in paragraph 12.

14. Defendants deny the material allegations in paragraph 14.

15. Defendants deny the material allegations in paragraph 15 and demand strict proof thereof.

16. Defendants deny the material allegations in paragraph 16 and demand strict proof thereof.

17. Defendants deny the material allegations in paragraph 17 and demand strict proof thereof.

18. Defendants deny the material allegations in paragraph 18 and demand strict proof thereof.

19. Defendants deny the material allegations in paragraph 19 and demand strict proof thereof.

20. Defendants deny the material allegations in paragraph 20 and demand strict proof thereof.

21. Defendants deny the material allegations in paragraph 21 and demand strict proof thereof.

22. Defendants deny the material allegations in paragraph 22 and demand strict

proof thereof.

23. Defendants deny the material allegations in paragraph 23 and demand strict proof thereof.

24. Defendants deny the material allegations in paragraph 24 and demand strict proof thereof.

25. Defendants deny the material allegations in paragraph 25 and demand strict proof thereof.

26. Defendants deny the material allegations in paragraph 26 and demand strict proof thereof.

27. Defendants deny the material allegations in paragraph 27 and demand strict proof thereof.

28. Defendants deny the material allegations in paragraph 28 and demand strict proof thereof.

29. Defendants deny the material allegations in paragraph 29 and demand strict proof thereof.

30. Defendants deny the material allegations in paragraph 30 and demand strict proof thereof.

31. Defendants deny the material allegations in paragraph 31 and demand strict proof thereof.

32. Defendants deny the material allegations in paragraph 32 and demand strict proof thereof.

33. Defendants deny the material allegations in paragraph 33 and demand strict proof thereof.

34. Defendants deny the material allegations in paragraph 34 and demand strict proof thereof.

35. Defendants deny the material allegations in paragraph 35 and demand strict proof thereof.

36. Defendants deny the material allegations in paragraph 36 and demand strict proof thereof.

37. Defendants have insufficient information upon which to either admit or deny the material allegations in paragraph 37 and, therefore, deny the material allegations and demand strict proof thereof.

38. Defendants deny the material allegations in paragraph 38 and demand strict proof thereof.

39. Defendants admit the material allegations of paragraph 39.

40. Defendants admit that Tatum's appeal was heard by an Administrative Law Judge over the course of three days and that her appeal was ultimately dismissed and state that the Order dismissing the appeal entered April 18, 2007 speaks for itself.

## COUNT ONE

41. Defendants adopt and incorporate their answers to paragraphs 1 through 40 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

42. Defendants deny the material allegations in paragraph 42 and demand strict proof thereof.

## COUNT TWO

43. Defendants adopt and incorporate their answers to paragraphs 1 through 42

of Plaintiff's Complaint as if the same were set forth here *in extenso*.

44.     Defendants deny the material allegations in paragraph 44 of Plaintiff's Complaint and demand strict proof there.

### COUNT THREE

45.     Defendants adopt and incorporate their answers to paragraphs 1 through 44 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

46.     Defendants deny the material allegations in paragraph 46 and demand strict proof thereof.

### COUNT FOUR

47.     Defendants adopt and incorporate their answers to paragraphs 1 through 46 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

48.     Defendants deny the material allegations in paragraph 48 and demand strict proof thereof.

### COUNT FIVE

49.     Defendants adopt and incorporate their answers to paragraphs 1 through 48 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

50.     Defendants deny the material allegations in paragraph 50 and demand strict proof thereof.

### COUNT SIX

51.     Defendants adopt and incorporate their answers to paragraphs 1 through 50 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

52.     Defendants deny the material allegations in paragraph 52 and demand strict

proof thereof.

## COUNT SEVEN

53. Defendants adopt and incorporate their answers to paragraphs 1 through 52 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

54. Defendants deny the material allegations in paragraph 54 and demand strict proof thereof.

## COUNT EIGHT

55. Defendants adopt and incorporate their answers to paragraphs 1 through 54 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

56. Defendants deny the material allegations in paragraph 56 and demand strict proof thereof.

## COUNT NINE

57. Defendants adopt and incorporate their answers to paragraphs 1 through 56 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

58. Defendants deny the material allegations in paragraph 58 and demand strict proof thereof.

## COUNT TEN

59. Defendants adopt and incorporate their answers to paragraphs 1 through 58 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

60. Defendants deny the material allegations in paragraph 60 and demand strict proof thereof.

## COUNT ELEVEN

61. Defendants adopt and incorporate their answers to paragraphs 1 through 60 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

62. Defendants deny the material allegations in paragraph 62 and demand strict proof thereof.

FURTHERMORE, Defendants deny that Plaintiff is entitled to any of the relief as set forth in paragraphs A through I of her *ad damnum* clause and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Unless expressly admitted, Defendants deny the material allegations of Plaintiff's Complaint and demand strict proof thereof.

### SECOND AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred by the statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred by the doctrines of judicial and

quasi-judicial estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned her employment position with the State of Alabama and is not entitled to the relief requested in her Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of sovereign immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of state-agent immunity as set forth in Ex parte Cranman, 792 So. 2d 392 (Ala. 2001).

### NINTH AFFIRMATIVE DEFENSE

Defendant Worley, in her individual capacity, is entitled to qualified immunity because any action that she took was taken in good faith pursuant to her discretionary authority. The facts purportedly giving rise to the Plaintiff's Complaint pre-date Defendant Chapman's tenure as Secretary of State. However, to the extent Plaintiff still makes allegations against Defendant in her individual capacity, Chapman is entitled to qualified immunity.

### TENTH AFFIRMATIVE DEFENSE

The Defendants' interest in the orderly administration of the State of Alabama, Office of the Secretary of State, outweighs any alleged interest or entitlement to Plaintiff being able to engage in protracted litigation following her voluntary resignation from employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants took no adverse employment action towards Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that any adverse employment decision is alleged, which Defendants deny, all such actions were based upon legitimate, business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants plead the general issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defenses of job abandonment, consent, waiver and release.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are moot and that Plaintiff's Complaint fails to present a justiciable controversy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants contest the Plaintiff's entitlement to damages and assert that Plaintiff has not been damaged as a result of any action or inaction of Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants contest the nature and amount of Plaintiff's alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff has failed to mitigate her alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff is not entitled to an award of attorneys' fees as there is no contract or statute providing for an award of attorneys fees in this case.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not caused by Defendants but by her own actions or inactions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants assert the primary jurisdiction defense.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff has elected to proceed in accordance with the appellate rules of the State Personnel Board and is, therefore, barred from asserting an alleged independent cause of action against Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Physical Pain and Mental Anguish Defenses

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)   According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of

compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violate the Constitution for the following reasons:

 (i) It fails to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

 (ii) It fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

 (iii) It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.

 (iv) It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

 (b) The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

 (i) It fails to provide a limit on the amount of the award against Defendants;

 (ii) It is unconstitutionally vague;

 (iii) It fails to provide specific standards in the amount of the award of such

damages; and

       (iv)    It constitutes a deprivation of property without the due process of the law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate Defendants' rights guaranteed by the Constitution of the State of Alabama.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate Defendants' rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of Defendants, through state action, without due process of law. Further, Plaintiff's claims for punitive damages violate the Eight Amendment of the United States Constitution because the imposition of punitive damages is an excessive fine.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate Defendants' rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property, except by due process of law, in that the punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants assert all other caps and limitations on damages, including punitive damages, as set forth in the Code of Alabama (1975).

## THIRTIETH AFFIRMATIVE DEFENSE

Punitive damages may not be awarded against the State of Alabama or any agency thereof pursuant to § 6-11-26, Code of Alabama, 1975, as amended.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants adopt and incorporate all other applicable affirmative defenses set forth in Fed. R. Civ. P. 8 and reserve the right to amend their Answer to add any additional affirmative defenses which become applicable after the substantial completion of discovery.

Respectfully submitted,

/s/ John M. Bolton, III

John M. Bolton, III
Bar Number: ASB-0999-N68J
Patrick L. W. Sefton
Bar Number: ASB-8341-N47P
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendants
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax: (334) 532.3434
Email: psefton@sasserlawfirm.com
         cspencer@sasserlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER** has been filed with the United States District Court for the Middle District of Alabama, Northern Division by hand delivery and served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 29th day of June 2007:

Norbert H. Williams, Esq.
Alabama State Employees Association
110 N. Jackson Street
Montgomery, AL 36104

 

---
Patrick L. W. Sefton
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax: (334) 532.3434
Email: psefton@sasserlawfirm.com
Bar Number: ASB-8341-N47P