IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANITA TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:07-cv-609-ID-SRW |
| | ) | |
| NANCY WORLEY, in her Individual | ) | |
| Capacity and BETH CHAPMAN in | ) | |
| her Official Capacity as Alabama | ) | |
| Secretary of State and in her | ) | |
| Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

RECEIVED
2007 JUL 27 P 4: 53

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW the Plaintiff and files this Motion for Leave to Amend her Complaint to clarify the nature of the claims asserted therein, and as grounds for said motion, states as follows:

1. The subject of this litigation is the Plaintiff's forced resignation from her job as Supervisor of Voter Registration with the State of Alabama. Plaintiff Tatum originally appealed her forced resignation to the Alabama State Personnel Board on October 29, 2004. That appeal remained under consideration at the State Personnel Board until April 18, 2007.

2. Plaintiff filed her Complaint in the Circuit Court of Montgomery County, Alabama on May 30, 2007.

3. On June 29, 2007, Defendants filed their Notice of Removal in the Circuit Court of Montgomery County.

4. The Defendants' removal of this action is based on 28 U.S.C. § 1441 and the impression that the Plaintiff sought to assert claims arising under the Constitution, laws or treaties of the United States. However, Plaintiff did not intend to assert federal claims and now seeks to amend her complaint to clarify that all claims are based on Alabama law and the guarantees afforded under the Constitution of the State of Alabama. This Motion to Amend is filed contemporaneously with Plaintiff's Motion to Remand.

5. A copy of the Plaintiffs' proposed Amended Complaint is attached for the Court's review.

WHEREFORE, Plaintiff requests that the Court grant her leave to amend her Complaint as indicated.

Respectfully submitted,

*/s/ Norbert H. Williams*

Norbert H. Williams
Bar Number: ASB-8391-L68N
Attorney for Plaintiff
Alabama State Employees Association
110 North Jackson Street
Montgomery, Alabama 36104
Telephone: (334) 834-6965
Fax: (334) 832-1074
Email: norbert_williams@asea.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the United States District Court for the Middle District of Alabama, Northern Division, and served upon the following by placing a copy of the same in the United Stated Mail, with proper postage prepaid, on this 27th day of July 2007:

>The Honorable John M. Bolton, III
>The Honorable Patrick L. W. Sefton
>The Honorable Charlanna W. Spencer
>Sasser, Bolton & Sefton, P.C.
>Post Office Box 242127
>Montgomery, AL 36124-2127

Norbert H. Williams
Bar Number: ASB-8391-L68N

**ADDRESS OF COUNSEL:**

Alabama State Employees Association
110 North Jackson Street
Montgomery, AL 36104
Office Telephone Number: (334) 834-6965
Facsimile Number: (334) 832-1074
Email: norbert_williams@asea.org

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUL 27 P 4 54

| | | |
|---|---|---|
| ANITA TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:07-cv-609-ID-SRW |
| | ) | |
| NANCY WORLEY, in her Individual Capacity and BETH CHAPMAN in her Official Capacity as Alabama Secretary of State and in her Individual Capacity, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now the Plaintiff, Anita Tatum (hereinafter, Plaintiff Tatum), with this complaint against former Secretary of State, Nancy Worley (in her individual capacity), and the current Secretary of State, Beth Chapman (in her official capacity and individual capacity), stating that the following causes of action are based upon the Defendants' deprivation of Tatum's property interest in continued employment in her merit system position as Supervisor of Voter Registration as provided for in ALA. CODE §17-4-35 (1975) as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Anita Tatum, invokes the jurisdiction of the Montgomery County Circuit Court on the authority of Fields v. State, 534 So.2d 615, 616 (Ala. Civ. 1993), which held that where a statute "provides no right of appeal or statutory certiorari, the common law writ of certiorari is the only available means of review" and original

jurisdiction is proper in the circuit court. Plaintiff also seeks equitable relief, the costs of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by Plaintiff due to the Defendants' actions against Plaintiff in her employment.

2. Plaintiff has pursued and exhausted her administrative remedies. In particular, Plaintiff Tatum filed an appeal on October 29, 2004 with the Alabama State Personnel Board within ten (10) days of Defendant Worley's actions which form the basis of this complaint. After initially accepting jurisdiction of this matter, the Alabama State Personnel Board dismissed this Plaintiff Tatum's appeal on April 18, 2007 after declining to extend jurisdiction. A copy of said Order is attached hereto as Exhibit A.

## PARTIES

3. Plaintiff **Anita Tatum**, (hereinafter "Plaintiff Tatum"), is an adult citizen over the age of nineteen years residing in Montgomery, Alabama. At all times material hereto, Plaintiff Tatum was employed as Supervisor of Voter Registration with the Alabama Secretary of State's Office in Montgomery, Alabama.

4. Defendant **Nancy Worley** (hereinafter, "Defendant Worley") was the duly elected Alabama Secretary of State from January 2003 to January 2007.

5. Defendant **Beth Chapman** (hereinafter, "Defendant Chapman") is Alabama's current Secretary of State with more than 1,000 different duties and virtually all of them involve processing and filing documents that are public records and whose duties are enumerated in ALA. CODE §36-14-1 et seq.

## STATEMENT OF FACTS

6. On July 1, 2003, Plaintiff Tatum became an employee of the Secretary of State's Office following passage of State legislation which abolished the Office of Voter

Registration as a separate agency and transferred duties of the former Office of Voter Registration to the Secretary of State's Office.

7. The enactment of that legislation also transferred Plaintiff Tatum's former position as Director of Voter Registration from the former Office of Voter Registration, re-titled her position to Supervisor of Voter Registration, and placed her position under the supervision of the Secretary of State.

8. The transfer occurred approximately seven (7) months after Defendant Worley assumed office as Alabama's fiftieth Secretary of State.

9. The transfer followed coordinated lobbying efforts by the Secretary of State's Office to bring about said change.

10. Defendant Worley took a position that a merger of the two offices was required under the federally mandated Help America Vote Act or HAVA which Defendant Worley interpreted as requiring each state to create, develop and maintain a statewide, uniform and centralized voter registration system housed with the state's Chief Election Official.

11. On the other hand, Plaintiff Tatum took a counter position that the federal HAVA did not require merging the two offices. Accordingly, Plaintiff Tatum lobbied against the state version of HAVA including its provisions to abolish the Office of Voter Registration and transfer its functions to the Secretary of State's Office.

12. Following passage of the State of Alabama's version of HAVA, around July 2003, Plaintiff Tatum and her staff were transferred to the Secretary of State's Office.

13. Upon transferring to the Secretary of State's Office, Plaintiff Tatum became Supervisor of Voter Registration and was assigned to the Secretary of State's Elections

Division and placed under Vicki Balogh's direct supervision.

14. Other personnel from the former Office of Voter Registration were assigned to other areas of the Secretary of State's Office.

15. Although Plaintiff Tatum's statutory duties as former Director of Voter Registration were essentially the same as her duties as Supervisor of Voter Registration within the Secretary of State's Office following her transfer to the Secretary of State's Office, Defendant Worley significantly diminished Plaintiff Tatum's authority and job responsibilities in the area of voter registration.

16. This diminished status included that Plaintiff Tatum no longer supervised anyone – including those individuals who had formerly assisted Plaintiff Tatum in managing the voter registration system within the former Office of Voter Registration.

17. Plaintiff Tatum also lacked actual authority to perform many of the statutory duties set forth in the Alabama Code for Supervisor of Voter Registration. This included a lack of authority to manage or oversee the statewide voter registration system which is referred to as the Alabama Voter Information Network (ALVIN) System.

18. Instead, Defendant Worley transferred ALVIN responsibility to the Information Technology Department; a division of the Secretary of State's Office which was located across the street and within another building from offices housing the Elections Division.

19. In addition, during Plaintiff Tatum's tenure with the Secretary of State's Office, Defendant Worley engaged in a series of harassing acts directed toward Plaintiff Tatum which Defendant Worley committed with impunity.

20. These acts included: (1) holding Plaintiff Tatum up to ridicule before her professional peers by accusing her of trading sexual favors with legislators to influence them to vote against the State of Alabama's version of the HAVA Act which placed Plaintiff Tatum's former office under the supervision of the Secretary of State's Office, (2) significantly diminishing Plaintiff Tatum's authority and job responsibilities in the area of voter registration following the merger of the former Office of Voter Registration with the Secretary of State's Office, (3) attempting to lay-off Plaintiff Tatum by use of illegal tactics two months following Plaintiff Tatum's transfer to the Secretary of State's Office, (4) advising other employees to refrain from assisting Plaintiff Tatum in completing her day's work notwithstanding an office policy in which Defendant Worley encouraged all other employees to assist each other, (5) ignoring the office policy of imposing positive discipline and instead issuing to Plaintiff Tatum a series of absurd and ridiculous reprimands for invented or imagined infractions such as receiving assistance from a co-worker in processing voter registration cards, and failing to answer an office telephone which never rang, and (6) failing or refusing to advise Plaintiff Tatum of Defendant Worley's expectations for Plaintiff Tatum's performance.

21. On Tuesday, October 19, 2004, at around 3:30 p.m. Defendant Worley summoned Plaintiff Tatum to Defendant Worley's office, and in a threatening, hostile, and demeaning manner ordered that Plaintiff Tatum provide an explanation for a disparity between the number of registered voters reflected by the Secretary of State's Internet Website versus numbers reflected by Alabama's statewide voter registration system called the Alabama Voter Information Network (ALVIN) System.

22. Although other employees with the Secretary of State's Office were present and were attempting to determine an explanation for the disparity between the numbers including Tracy Cleckler, Trey Granger, Judy Wagnon, Defendant Worley demanded that Plaintiff Tatum provide an explanation by 5:00 p.m., thereby giving Plaintiff one hour and thirty minutes to determine an answer which eventually took two and a half weeks to determine.

23. Defendant Worley denied Tatum's request to corroborate with Tracy Cleckler, the Secretary of State's computer technician who had actual responsibility for maintaining the ALVIN system. Before leaving the meeting, Plaintiff Tatum had requested of Defendant Worley to corroborate with Cleckler to determine if Cleckler had run the numbers correctly.

24. Defendant Worley sent Plaintiff Tatum away from the meeting without the benefit of having a worksheet identifying the specific counties which contained the alleged questionable numbers.

25. Plaintiff Tatum, a non-computer professional, lacked technical expertise to resolve the problem.

26. Following several unsuccessful attempts to identify any alleged errors, Plaintiff Tatum concluded that she would be unable to comply with Defendant Worley's requests by Defendant Worley's 5:00 p.m. deadline.

27. Accordingly, Plaintiff Tatum drafted a memorandum to Defendant Worley stating that she was committed to identifying the alleged discrepancy in voter registration numbers; however, Plaintiff Tatum stated that she would need additional time (i.e. more than 90 minutes) in which to complete the assignment.

28. At around 5:00 p.m., Plaintiff Tatum returned to Defendant Worley's office and presented Defendant Worley with the memorandum wherein she requested additional time in which to complete the assignment.

29. Defendant Worley responded to Plaintiff Tatum's request by addressing Plaintiff Tatum in a hostile and demeaning tone. Defendant Worley then declined to give Plaintiff Tatum more time in which to complete the assignment. Defendant Worley advised Plaintiff Tatum that because Plaintiff Tatum was the Supervisor of Voter Registration, she should have been aware that there was a problem with the numbers. Further, Defendant Worley stated that a reporter was outside of her office making inquiries about the matter. Further, Defendant Worley stated, inasmuch as Plaintiff Tatum was unaware of the alleged problem, Plaintiff Tatum could either resign or she would be fired.

30. Defendant Worley did not advise Plaintiff Tatum that if she were dismissed she could contest the underlying charges through an appeal to the Alabama State Personnel Board ("the Board"); nor was she given any information concerning her appeal rights in the event of her termination from employment.

31. Thereafter, during this same work day, Defendant Worley, with the assistance of her own legal counsel, presented Plaintiff Tatum with a prepared typewritten letter of resignation for Plaintiff Tatum's signature and demanded that Plaintiff Tatum make an immediate decision.

32. Shocked by Defendant Worley's ultimatum, Plaintiff Tatum panicked. Plaintiff Tatum then pleaded with Worley that she be allowed time to weigh her options and time in which to consult with her legal counsel about her legal rights.

33. Defendant Worley refused to give Tatum time to consider the matter or to consult with legal counsel.

34. Defendant Worley instead summoned Linda Nelson, Defendant Worley's personnel director who gave Plaintiff Tatum tentative, incomplete, and inaccurate advice concerning her two options.

35. Fearing that a termination would cause a forfeiture of her retirement pension with the State of Alabama and being deprived of an opportunity to weigh termination versus resignation, Plaintiff Tatum believed she had no meaningful choice other than to involuntarily resign her position as Supervisor of Voter Registration by signing the letter of resignation that Defendant Worley and Defendant Worley's legal counsel presented to her for signature.

36. Because Plaintiff Tatum's signature on the letter of resignation was obtained by time pressures imposed by Defendant Worley, Plaintiff Tatum was deprived of an opportunity to obtain information concerning her retirement and concerning her right to due process.

37. On the same day of signing Defendant Worley's prepared letter of resignation, Plaintiff Tatum consulted with legal counsel about the events of that day, October 19, 2004. Following her consultation with legal counsel, within approximately thirty minutes of signing Defendant Worley's prepared letter of resignation Plaintiff Tatum contacted Defendant Worley and attempted, to no avail, to withdraw her resignation.

38. Notwithstanding the lawful requirements of ALA. CODE §17-4-35 (1975) filling the position of Supervisor of Voter Registration with a merit employee, following Tatum's

involuntary resignation, Defendant Worley filled the position of supervisor of Voter Registration with a political appointee.

39. On October 29, 2004, Tatum gave notice of appeal to the Alabama State Personnel Board.

40. After accepting jurisdiction over the matter, and following an appeal hearing over the course of three days (November 14-16, 2005), on April 18, 2007, the State Personnel Board dismissed Tatum's appeal after finding that it lacked jurisdiction to hear her appeal.

## COUNT ONE

41. Plaintiff Tatum re-alleges paragraphs 1-40 as if set out here in full.

42. Defendant Worley's demand that Plaintiff Tatum resign from her position as Supervisor of Voter Registration or be terminated over a matter for which Tatum was not responsible violated ALA. CODE §36-26-9 (1975) and ALA. ADMIN. CODE R. 670-X-4-.01.

## COUNT TWO

43. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-42 as if set out here in full.

44. Tatum's resignation was involuntary.

## COUNT THREE

45. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-44 as if set out here in full.

46. Defendant Worley's act demanding that Tatum surrender her property interest in her merit position by resignation without affording Tatum an opportunity to make an informed and intelligent decision violated Tatum's interest in continued employment without due process of law in violation of the protection afforded by the

Constitution of the State of Alabama (e.g., due process requires that state employees dismissed from their employment be provided a written notice of the specific grounds for the dismissal; disclosure of the evidence supporting the dismissal; the opportunity to confront and cross-examine available adverse witnesses; the opportunity to be heard in person and present evidence; the opportunity to be represented by counsel; a fair-minded and impartial decision maker; and a written statement by fact-finders as to the evidence relied upon and the reasons for the determination made).

## COUNT FOUR

47. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-46 as if set out here in full.

48. Defendant's demand that Plaintiff Tatum make an immediate decision about how she would conclude her twenty-one (21) years of State employment without the benefit of having information concerning the ramifications of her decision was tantamount to a constructive termination.

## COUNT FIVE

49. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-48 as if set out here in full.

50. Defendant's demand that Plaintiff Tatum make an immediate decision about how she would conclude twenty-one (21) years of State employment without the benefit of having information concerning the ramifications of her decision was tantamount to a constructive termination.

## COUNT SIX

51. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-50 as if set out here in full.

52. Defendant's demand that Plaintiff Tatum make an immediate decision about how she would conclude her twenty-one (21) years of State employment without the

benefit of having information concerning the ramifications of her decision rendered her resignation involuntary.

## COUNT SEVEN

53. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-52 as if set out here in full.

54. The Defendant's action of demanding that Tatum resign or be fired violated her property interest in continued employment with the State of Alabama because she was covered by the provisions of the Alabama Merit System Act found in ALA. CODE §36-26-1 et seq. which protected her from arbitrary dismissal.

## COUNT EIGHT

55. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-54 as if set out here in full.

56. Tatum's resignation was so involuntary that it amounted to a constructive discharge, and as such, it was a deprivation of the Plaintiff's rights by the Secretary of State in violation of the protections afforded by the Constitution of the State of Alabama, including the due process guarantees of Section 6 of the Constitution of the State of Alabama.

## COUNT NINE

57. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-56 as if set out here in full.

58. The Defendant Secretary of State obtained Tatum's resignation by coercion or duress.

## COUNT TEN

59. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-58 as if set out here in full.

60. The Defendant Secretary of State obtained Plaintiff Tatum's resignation by misrepresentation.

## COUNT ELEVEN

61. Plaintiff/Petitioner Tatum re-alleges paragraphs 1-60 as if set out here in full.

62. Defendant Worley intentionally inflicted emotional distress upon Plaintiff Tatum as described above and Plaintiff Tatum continues to suffer physical, mental and emotional pain and distress.

## PRAYER FOR RELIEF

**WHEREFORE** the premises considered, Plaintiff Tatum seeks the following relief:

(a) A Common Law Writ of Certiorari to review the Defendants' <u>unlawful</u> removal of Plaintiff Tatum from her position as Supervisor of Voter Registration.

(b) Declare that Plaintiff Tatum's resignation was involuntary.

(c) Declare that Defendant Worley violated Plaintiff Tatum's interest in continued employment without due process of law in violation of the protection afforded by the Constitution of the State of Alabama.

(d) Declare that Defendants constructively terminated Tatum's employment.

(e) Declare that Defendants arbitrarily dismissed Tatum from employment.

(f) Declare that the Defendant Secretary of State obtained Tatum's resignation by coercion or duress.

(g) Declare that the Defendant Secretary of State obtained Tatum's resignation by misrepresentation.

(h) Order Plaintiff's reinstatement to her position as Supervisor or Voter Registration with back-pay and benefits.

(i) Award damages for a resulting deprivation of her property interest in

continued employment.

(j) Award compensatory and punitive damages resulting from Defendant Worley's intentional infliction of emotional distress.

(k) Such other further, different or additional relief as this Honorable Court may deem just and proper, including, but not limited to, an award of attorney's fees to Plaintiff Tatum's counsel.

(l) Plaintiff requests a trial by jury on all claims.

Respectfully submitted this the 27th day of June 2007.

Respectfully submitted,

Norbert H. Williams
Bar Number: ASB-8391-L68N
Attorney for Plaintiff
Alabama State Employees Association
110 North Jackson Street
Montgomery, Alabama 36104
Telephone: (334) 834-6965
Fax: (334) 832-1074
Email: norbert_williams@asea.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the United States District Court for the Middle District of Alabama, Northern Division, and served upon the following by placing a copy of the same in the United Stated Mail, with proper postage prepaid, on this 27th day of July 2007:

The Honorable John M. Bolton, III
The Honorable Patrick L. W. Sefton
The Honorable Charlanna W. Spencer
Sasser, Bolton & Sefton, P.C.
Post Office Box 242127
Montgomery, AL 36124-2127

Norbert H. Williams
Bar Number: ASB-8391-L68N

**ADDRESS OF COUNSEL:**

Alabama State Employees Association
110 North Jackson Street
Montgomery, AL 36104
Office Telephone Number: (334) 834-6965
Facsimile Number: (334) 832-1074
Email: norbert_williams@asea.org