IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JUL 27 P 4 52

| | |
|---|---|
| ANITA TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 2:07-cv-609-ID-SRW |
| ) | |
| NANCY WORLEY, in her Individual ) | |
| Capacity and BETH CHAPMAN in ) | |
| her Official Capacity as Alabama ) | |
| Secretary of State and in her ) | |
| Individual Capacity, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO REMAND**

COMES NOW Plaintiff, Anita Tatum, and moves this Honorable Court to remand this action to the Circuit Court of Montgomery County, Alabama. As grounds for said motion, Plaintiff states as follows:

1. The subject of this litigation is the Plaintiff's forced resignation from her job as Supervisor of Voter Registration with the State of Alabama. Plaintiff Tatum originally appealed her forced resignation to the Alabama State Personnel Board on October 29, 2004. That appeal remained under consideration at the State Personnel Board until April 18, 2007.

2. Plaintiff filed her Complaint in the Circuit Court of Montgomery County, Alabama on May 30, 2007.

3. On June 29, 2007, Defendants filed their Notice of Removal in the Circuit Court of Montgomery County.

4.  The Defendants' removal of this action is based on 28 U.S.C. § 1441 and the impression that the Plaintiff sought to assert claims arising under the Constitution, laws or treaties of the United States. However, Plaintiff did not intend to assert federal claims and stands ready to clarify any questions relating to the counts set forth in her Complaint.

5.  Although the Plaintiff's Complaint contains no specific reference to federal law or the United States Constitution, Plaintiff has filed a Motion for Leave to Amend her Complaint, along with an Amended Complaint that should clarify any issues relating to nature of Plaintiff' claims. See Lamar Company, LLC v. Baldwin County Comm., 2007 WL 987478 (S.D.Ala., March 29, 2007).

6.  Removal statutes are narrowly construed in favor of remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); 28 U.S.C.A. §1441(b). The removing party bears the burden of establishing federal removal jurisdiction. 28 U.S.C.A. § 1441(b); see Diaz v. Sheppard, 85 F.3d. 1502, 1505 (11th Cir.1996). Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded. 28 U.S.C.A. §1441(b); see Woods v. Firestone Tire & Rubber Co., 560 F.Supp. 588, 590 (S.D.Fla.1983). Plaintiff is the master of her Complaint and, based on her assertion of state law claims only, this action should be remanded to state court.

Accordingly, the requirements for jurisdiction in this Court have not been satisfied and the present case should be remanded.

Respectfully submitted,

_____
Norbert H. Williams
Bar Number: ASB-8391-L68N
Attorney for Plaintiff
Alabama State Employees Association
110 North Jackson Street
Montgomery, Alabama 36104
Telephone: (334) 834-6965
Fax: (334) 832-1074
Email: norbert_williams@asea.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the United States District Court for the Middle District of Alabama, Northern Division, and served upon the following by placing a copy of the same in the United Stated Mail, with proper postage prepaid, on this 27th day of July 2007:

>The Honorable John M. Bolton, III
>The Honorable Patrick L. W. Sefton
>The Honorable Charlanna W. Spencer
>Sasser, Bolton & Sefton, P.C.
>Post Office Box 242127
>Montgomery, AL 36124-2127

_____
Norbert H. Williams
Bar Number: ASB-8391-L68N

**ADDRESS OF COUNSEL:**

Alabama State Employees Association
110 North Jackson Street
Montgomery, AL 36104
Office Telephone Number: (334) 834-6965
Facsimile Number: (334) 832-1074
Email: norbert_williams@asea.org