IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANITA TATUM, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:07cv609-ID |
| NANCY WORLEY, in her individual | ) |
| capacity, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Anita Tatum's ("Plaintiff") motion to remand, filed July 27, 2007. (Doc. No. 6.) Defendants Nancy Worley ("Worley") and Beth Chapman ("Chapman") filed an opposition to the motion on August 23, 2007. (Doc. No. 9.) For the reasons to follow, the court finds that the motion is due to be granted.

**I. STANDARD OF REVIEW**

A court determines whether it has subject matter jurisdiction by examining the complaint's allegations as they existed on the date of removal. Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000). Defendants, as the parties removing this action to federal court, have the burden of establishing federal jurisdiction. See Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as

defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994)). Accordingly, the federal removal statutes must be "construed narrowly," and, generally speaking, all doubts about removal must be resolved in favor of remand. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2002).

## II.  BACKGROUND

Plaintiff originally filed her complaint in the Circuit Court of Montgomery County, Alabama, against Worley, in her individual capacity as the former Secretary of State for the State of Alabama, and Chapman, in her individual and official capacities as the current Secretary of State. Formerly employed with the Secretary of State's office as the supervisor of voter registration, Plaintiff seeks redress for an alleged "involuntary" resignation from her merit system position. (See generally Compl. ¶¶ 3-40.) The complaint contains eleven counts. (Id. ¶¶ 41-62.)

Although the complaint does not refer to any federal law, Defendants removed this case to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. §§ 1331 and 1441, asserting that Counts III and VIII, which allege violations of "due process" and a "constitutionally protected interest in continued employment," necessarily arise under the United States Constitution. (Doc. No. 1 ¶¶ 2-3.) Moving to remand for lack of federal subject matter jurisdiction, Plaintiff emphasizes that her

2

complaint "contains no specific reference to federal law or the United States Constitution" and that she "did not intend to assert federal claims." (Doc. No. 6 ¶¶ 4-5.) Reaffirming her intent, Plaintiff filed a motion for leave to amend the complaint "to clarify that all claims are based on Alabama law and the guarantees afforded under the Constitution of the State of Alabama." (Doc. No. 5 ¶ 4.)

### III.  DISCUSSION

The issue in this case is whether federal-question subject matter jurisdiction existed at the time of removal. Generally, "[t]o determine whether the claim arises under federal law, [the court] examine[s] the 'well pleaded' allegations of the complaint[.]" Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003). Under the well-pleaded complaint doctrine, "a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." Smith v. Wynfield Dev. Co., Inc., No. 06-11810, 2007 WL 1654149, *4 (11th Cir. June 8, 2007). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Hence, "as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."[1]  Beneficial National Bank, 539 U.S. at 6.

---

[1] No assertion has been made that diversity jurisdiction exists in this case; thus, removal was proper only if the complaint raises a federal question. See 28 U.S.C. § 1331.

3

Applying the foregoing principles, the court finds that Plaintiff's complaint does not "affirmatively" state a federal claim. Id. Nowhere in the complaint does Plaintiff refer to the United States Constitution, 42 U.S.C. § 1983 (the statutory vehicle for asserting federal constitutional claims), or any other federal law. At best, Counts III and VIII are ambiguous as to the source of the alleged constitutional violations because they cite neither the Alabama Constitution nor the United States Constitution. While Plaintiff's averments pertaining to constitutional violations possibly implicate federal law, they also possibly do not. The "mere possibility" that Plaintiff has asserted a federal cause of action, however, is insufficient to support removal jurisdiction. Dardeau v. West Orange-Grove Consolidated Indep. School Dist., 43 F. Supp.2d 722, 726 (E.D. Texas 1999). At the very least, the absence of any explicit citation to the United States Constitution creates a doubt about whether a federal question is presented, and all doubts about federal jurisdiction must be resolved in favor of remand. See Allen, 327 F.3d at 1293; Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (holding that "any ambiguity as to the source of law relied upon by the [] plaintiffs ought to be resolved against removal").

Moreover, in this case, Plaintiff has not left unanswered the question whether the source of her constitutional violations is state or federal. In her motion for leave to amend the complaint, Plaintiff expressly disavows any reliance on federal law and, thus, refutes Defendants' assertion that the complaint seeks relief for violations of the United States Constitution. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804,

4

809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). The court properly considers Plaintiff's representation because it is material to and clarifies Plaintiff's intent at the time of removal, see Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000), and because Plaintiff, as the master of her claims, may choose to rely only on state law, even if a possible federal claim exists. See Caterpillar, Inc., 482 U.S. at 392. The absence of federal subject matter jurisdiction, therefore, further is reinforced by Plaintiff's clarification that the complaint relies not upon the United States Constitution, but upon the Alabama Constitution. Accordingly, the court finds that Plaintiff's motion to remand is due to be granted.[2]

## IV. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff's motion to remand (Doc. No. 6) be and the same is hereby GRANTED and that this action is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c). Plaintiff's pending motion for leave to amend the complaint is

---

[2] The court notes that Defendants rely on Carnegie-Mellon University v. Cohill ("Cohill"), 484 U.S. 343 (1988), as support for their argument that Plaintiff is engaging in manipulative tactics to secure a state forum and that the court should not reward such tactics by remanding this case. In Cohill, the Supreme Court held that, in a properly-removed case when the federal-law claims are dismissed, the possibility of forum shopping is a factor the district court may consider in deciding whether to remand or retain pendent jurisdiction over remaining state-law claims. See id. at 357. Cohill is not applicable here. In this case, unlike in Cohill, federal-question jurisdiction does not exist, and, thus, Defendants did not properly remove this state-court action to federal court.

REMANDED with the case. The Clerk is DIRECTED to take all steps necessary to effectuate said remand.

    DONE this 28th day of August, 2007.

                                 /s/ Ira DeMent
                                 SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

  (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

  (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

  (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

  (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

  (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).