IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANITA TATUM, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:07cv609-ID |
| NANCY WORLEY, in her individual | ) |
| capacity, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Anita Tatum's ("Plaintiff") motion to remand, filed July 27, 2007. (Doc. No. 6.) Defendants Nancy Worley ("Worley") and Beth Chapman ("Chapman") filed an opposition to the motion on August 23, 2007. (Doc. No. 9.) For the reasons to follow, the court finds that the motion is due to be granted.

**I. STANDARD OF REVIEW**

A court determines whether it has subject matter jurisdiction by examining the complaint's allegations as they existed on the date of removal. Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000). Defendants, as the parties removing this action to federal court, have the burden of establishing federal jurisdiction. See Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as

defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994)).  Accordingly, the federal removal statutes must be "construed narrowly," and, generally speaking, all doubts about removal must be resolved in favor of remand.  Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2002).

## II.  BACKGROUND

Plaintiff originally filed her complaint in the Circuit Court of Montgomery County, Alabama, against Worley, in her individual capacity as the former Secretary of State for the State of Alabama, and Chapman, in her individual and official capacities as the current Secretary of State.  Formerly employed with the Secretary of State's office as the supervisor of voter registration, Plaintiff seeks redress for an alleged "involuntary" resignation from her merit system position.  (See generally Compl. ¶¶ 3-40.)  The complaint contains eleven counts.  (Id. ¶¶ 41-62.)

Although the complaint does not refer to any federal law, Defendants removed this case to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. §§ 1331 and 1441, asserting that Counts III and VIII, which allege violations of "due process" and a "constitutionally protected interest in continued employment," necessarily arise under the United States Constitution.  (Doc. No. 1 ¶¶ 2-3.)  Moving to remand for lack of federal subject matter jurisdiction, Plaintiff emphasizes that her

2

complaint "contains no specific reference to federal law or the United States Constitution" and that she "did not intend to assert federal claims." (Doc. No. 6 ¶¶ 4-5.) Reaffirming her intent, Plaintiff filed a motion for leave to amend the complaint "to clarify that all claims are based on Alabama law and the guarantees afforded under the Constitution of the State of Alabama." (Doc. No. 5 ¶ 4.)

### III.  DISCUSSION

The issue in this case is whether federal-question subject matter jurisdiction existed at the time of removal. Generally, "[t]o determine whether the claim arises under federal law, [the court] examine[s] the 'well pleaded' allegations of the complaint[.]" Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003). Under the well-pleaded complaint doctrine, "a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." Smith v. Wynfield Dev. Co., Inc., No. 06-11810, 2007 WL 1654149, *4 (11th Cir. June 8, 2007). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Hence, "as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."[1] Beneficial National Bank, 539 U.S. at 6.

---

[1] No assertion has been made that diversity jurisdiction exists in this case; thus, removal was proper only if the complaint raises a federal question. See 28 U.S.C. § 1331.

3

Applying the foregoing principles, the court finds that Plaintiff's complaint does not "affirmatively" state a federal claim.  <u>Id.</u>  Nowhere in the complaint does Plaintiff refer to the United States Constitution, 42 U.S.C. § 1983 (the statutory vehicle for asserting federal constitutional claims), or any other federal law.  At best, Counts III and VIII are ambiguous as to the source of the alleged constitutional violations because they cite neither the Alabama Constitution nor the United States Constitution.  While Plaintiff's averments pertaining to constitutional violations possibly implicate federal law, they also possibly do not.  The "mere possibility" that Plaintiff has asserted a federal cause of action, however, is insufficient to support removal jurisdiction.  <u>Dardeau v. West Orange-Grove Consolidated Indep. School Dist.</u>, 43 F. Supp.2d 722, 726 (E.D. Texas 1999).  At the very least, the absence of any explicit citation to the United States Constitution creates a doubt about whether a federal question is presented, and all doubts about federal jurisdiction must be resolved in favor of remand.  <u>See</u> <u>Allen</u>, 327 F.3d at 1293; <u>Rossello-Gonzalez v. Calderon-Serra</u>, 398 F.3d 1, 11 (1st Cir. 2004) (holding that "any ambiguity as to the source of law relied upon by the [] plaintiffs ought to be resolved against removal").

Moreover, in this case, Plaintiff has not left unanswered the question whether the source of her constitutional violations is state or federal.  In her motion for leave to amend the complaint, Plaintiff expressly disavows any reliance on federal law and, thus, refutes Defendants' assertion that the complaint seeks relief for violations of the United States Constitution.  <u>See</u> <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804,

809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").  The court properly considers Plaintiff's representation because it is material to and clarifies Plaintiff's intent at the time of removal, see Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000), and because Plaintiff, as the master of her claims, may choose to rely only on state law, even if a possible federal claim exists.  See Caterpillar, Inc., 482 U.S. at 392.  The absence of federal subject matter jurisdiction, therefore, further is reinforced by Plaintiff's clarification that the complaint relies not upon the United States Constitution, but upon the Alabama Constitution.  Accordingly, the court finds that Plaintiff's motion to remand is due to be granted.[2]

## IV.  ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff's motion to remand (Doc. No. 6) be and the same is hereby GRANTED and that this action is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c).  Plaintiff's pending motion for leave to amend the complaint is

---

[2] The court notes that Defendants rely on Carnegie-Mellon University v. Cohill ("Cohill"), 484 U.S. 343 (1988), as support for their argument that Plaintiff is engaging in manipulative tactics to secure a state forum and that the court should not reward such tactics by remanding this case.  In Cohill, the Supreme Court held that, in a properly-removed case when the federal-law claims are dismissed, the possibility of forum shopping is a factor the district court may consider in deciding whether to remand or retain pendent jurisdiction over remaining state-law claims.  See id. at 357.  Cohill is not applicable here.  In this case, unlike in Cohill, federal-question jurisdiction does not exist, and, thus, Defendants did not properly remove this state-court action to federal court.

REMANDED with the case. The Clerk is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 28th day of August, 2007.

      /s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE